## CIRCUIT COURT OF FAIRFAX COUNTY

Kirkpatrick et al.

v.

Cafferty et al.

October 21, 1985

Case No. (Chancery) 92023

By JUDGE F. BRUCE BACH

This matter comes before the Court on Defendant Katz's Demurrer and Motion for Summary Judgment, Defendants Cafferty, Perry and Post Trail Partnership's (hereinafter "Cafferty") Demurrer and Plaintiffs' Cross Motion for Summary Judgment. After hearing argument of counsel and reviewing the memoranda and authorities, it is the opinion of the Court that the Demurrers are overruled, Defendant Katz's Motion for Summary Judgment is denied and Plaintiffs' Cross Motion for Summary Judgment is granted.

Section 50-26 of the Code of Virginia states that a general partnership interest is to be classified as personal property. Section 50-61 of the Code of Virginia states that a limited partnership interest is to be classified as personal property. Consequently, the applicable statute of frauds is contained in Va. Code § 8.1-206 and not Va. Code § 11-2.

The $5,000 limit on recoveries based on oral contracts does not apply where there is:

> [s]ome writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the

party against whom enforcement is sought. Va. Code, § 8.1-206(1).

In the present case, the letter dated December 10, 1984, from Defendant Katz to Plaintiffs satisfies the "some writing" requirement of Va. Code Section 8.1-206(1). The letter is signed by the party to be charged, Katz, it identifies the subject matter, Katz's interest in the partnership, and it indicates that an agreement was made between Defendant Katz and Plaintiffs.

While neither defendant has specifically raised the issue, it appears to the Court the Plaintiffs have an adequate remedy at law in the form of quantifiable damages. This was strictly a business agreement between Defendant Katz and Plaintiffs for the sale of Katz's personal property. These circumstances do not necessarily call for the extraordinary remedy of specific performance. Furthermore, there is a strong policy against forcing obviously antagonistic parties to become partners.

For the foregoing reasons, Plaintiffs' Cross Motion for Summary Judgment is hereby granted and Defendant Katz's Motion for Summary Judgment is hereby denied. The Court's granting of Plaintiffs' Cross Motion for Summary Judgment is limited to a ruling that the statute of frauds does not preclude or limit Plaintiffs' right to recover nor does it preclude Defendant's right to defend on all other issues. In light of the Court's rulings as to the Motions for Summary Judgment, the Demurrers are hereby overruled.